# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KEVIN HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 05-263-JPG |
| | ) | |
| ANNE ZACHARY, C. NITTLE and the | ) | |
| EVENING SHIFT COMMANDING SGT. | ) | |
| of the GRANITE CITY POLICE DEPT., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, formerly an inmate in the Madison County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus are subject to summary dismissal.

## CLAIM 1

Plaintiff states that in June 2004, he was arrested by officers from the Granite City Police Department.  He claims that he was cooperative and followed their instructions, but once he was handcuffed on the ground, he was "beaten stomped and tazed" by the evening shift commander.

> In order to establish an excessive force claim under § 1983, plaintiffs must demonstrate that a state actor's use of force was "objectively unreasonable" under the circumstances. *See DeLuna v. City of Rockford, Ill.*, 447 F.3d 1008, 1010 (7th Cir. 2006) (*citing Graham v. Connor*, 490 U.S. 386, 396-97, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)).  What constitutes "reasonableness" with regard to an officer's actions in apprehending a suspect under the Fourth Amendment is " 'not capable of precise definition or mechanical application' but 'requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.' " *Abdullahi v. City of Madison*, 423 F.3d 763, 768 (7th Cir. 2005) (*quoting Graham*, 490 U.S. at 396).  The reasonableness of a particular use of force "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). This calculus of reasonableness must allow for the fact that police officers are often forced to make split-second judgments in circumstances that are tense, uncertain, and rapidly evolving about the amount of force that is necessary in a particular situation. *Id.* at 387.

*Thompson v. City of Chicago*, — F.3d —, 2006 WL 3720250 (7th Cir. 2006).

Based on the allegations in the complaint, the Court is unable to dismiss Claim 1 at this point in the litigation.  *See* 28 U.S.C. § 1915A.

## CLAIM 2

Plaintiff next alleges that in July 2004, his wife, Defendant Anne Zachary, falsely reported their automobile stolen.  Plaintiff was subsequently arrested and detained on those charges.

To state a claim under § 1983, a plaintiff must allege the violation of

- 2 -

a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by ***a person acting under color of state law***. . .

. . .

The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."

*West v. Atkins*, 108 U.S. 42, 49 (1988) (emphasis added), *citing United States v. Classic*, 313 U.S. 299, 326 (1941).  In this case, there is no allegation that Zachary was acting under the color of state law in filing a false report.  Therefore, he has failed to state a claim upon which relief may be granted, and Claim 2 is dismissed from this action with prejudice.

## DEFENDANT NITTLE

Plaintiff also lists Detective C. Nittle as a defendant in the caption of his complaint, but  the statement of claim does not include any allegations against Nittle.  "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."  *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Accordingly, Nittle is dismissed from this action with prejudice.

## AMENDED STATEMENT (DOC. 10)

In this pleading, Plaintiff complains about medical care at the St. Clair County Jail.  These allegations are completely unrelated to his allegations of excessive force in Claim 1.  Further, the only defendant remaining in this action clearly had no personal involvement in the administration of health care in St. Clair County.  Accordingly, the allegations in this pleading shall be disregarded. If Plaintiff wishes to proceed on these allegations, he must file a separate lawsuit identifying the appropriate defendants, and he will be liable for a separate filing fee.

## DISPOSITION

**IT IS HEREBY ORDERED** that **CLAIM 2** is **DISMISSED** from this action with

prejudice.  Further, Defendants **ZACHARY** and **NITTLE** are **DISMISSED** from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **EVENING SHIFT COMMANDING SGT. of the GRANITE CITY POLICE DEPT**.  The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **EVENING SHIFT COMMANDING SGT. of the GRANITE CITY POLICE DEPT**. in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.  However, service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to former employees of the Granite City Police Department who no longer can be found at the work address provided by Plaintiff, the City shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address

information obtained from the City pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff  is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated: January 16, 2007.**

**  s/ J. Phil Gilbert                      **
**U. S. District Judge**